Sheldon S. GOLDSTEIN, Joyce A. Keough, Gerald Hirsch, Ilona Resnick, John A. Keough, David Feuerstein and Norman Resnick, Plaintiffs,

v.

The FIRE DEPARTMENT OF THE VILLAGE OF SUFFERN and the Incorporated Village of Suffern, New York, Defendants.

No. 81 Civ. 8135 (HFW).

United States District Court,
S.D. New York.

April 12, 1983.

Glickman & McAlevey & Greenwald, New City, N.Y., by John F. McAlevey, New City, N.Y., Marc D. Stern, New York City, for plaintiffs.

Terry Rice, Village Atty., Suffern, N.Y., for defendants.

## MEMORANDUM DECISION

WERKER, District Judge.

This is an action in which plaintiffs seek a judgment declaring that the placement of a sign stating "Keep Christ in Christmas" on the Leo P. Lyon firehouse ("firehouse") in the Village of Suffern, New York violated the Establishment Clause of the First Amendment. Jurisdiction is predicated upon 28 U.S.C. § 2201 and 42 U.S.C. § 1983. The matter presently is before the court on defendants' motion for summary judgment pursuant to Fed.R.Civ.P. 56.

## FACTS

Since the parties have agreed that there is no dispute as to the material facts of this case, summary judgment is appropriate. The relevant facts are as follows. The Village of Suffern ("Village") is a municipal corporation incorporated under the laws of the State of New York. The Fire Department of the Village of Suffern ("Fire Department") provides fire protection services to the Village pursuant to Article 10 of the New York Village Law. N.Y. Village Law art. 10 (McKinney 1973 & Supp. 1982–1983). The firehouse is owned by the Village and is maintained by revenues raised from real property taxes paid by residents of the Village.

On December 12, 1981, the Fire Department erected the challenged sign on the front of the firehouse. The sign measured 2 feet by 6 feet and, as noted above, contained the message "Keep Christ in Christmas." The only other Christmas decorations on the firehouse that season were some wreaths placed in some but not all of the windows of the firehouse. The sign was the result of a Fire Department meeting held on October 22, 1981 at which it was voted that Club 19 of the Fire Department would provide Christmas decorations for the firehouse.[1] Apparently, no taxpayers'

or other public monies were used to purchase or to erect the sign. The minutes of the October 22, 1981 meeting state that, at the meeting,

> Joe Salemo noted that as long as we are going to decorate the fire house, he would like to include a way of getting the spirit of Christmas back in the season. Following some discussion on the subject of the commercialism of the season and on a motion by Joe Salemo, seconded and carried, it was agreed to include in the display, the message of keeping Christ in Christmas.

On or about December 14, 1981, plaintiff Sheldon S. Goldstein ("Goldstein") delivered a letter to the Village in which he objected to the sign, stating that religion "has no place" in Village politics. The Village Board of Trustees met the same day and discussed Goldstein's letter. At a special meeting of the Village Board of Trustees held on December 17, 1981, a motion to remove the sign failed to pass by a 2—2 vote. The sign remained on the firehouse until January 10, 1982.

## DISCUSSION

Under the Establishment Clause of the First Amendment, which is applicable to the states by virtue of the Fourteenth Amendment, see, e.g., Everson v. Board of Educ., 330 U.S. 1, 8, 67 S.Ct. 504, 507, 91 L.Ed. 711 (1947); Cantwell v. Connecticut, 310 U.S. 296, 303, 60 S.Ct. 900, 903, 84 L.Ed. 1213 (1940), the government is prohibited from promulgating any law "respecting the establishment of religion." U.S. Const.Amend. I. In determining whether governmental activity conflicts with this provision, the court must apply the following three-pronged test:

(1) the act must have a secular purpose;

(2) the principal or primary effect of the act must be one that neither advances nor inhibits religion; and

(3) the act must not foster "an excessive government entanglement with religion."

---

1. Club 19 is a Fire Department Committee that oversees the soda and pinball machines and

video games located in the firehouses of the Village and the revenues derived therefrom.

*Lemon v. Kurtzman,* 403 U.S. 602, 612–13, 91 S.Ct. 2105, 2111, 29 L.Ed.2d 745 (1971) (citations omitted). If any one of these aspects of the test is not satisfied, the challenged act will be held to violate the Establishment Clause. *Stone v. Graham,* 449 U.S. 39, 40–41, 101 S.Ct. 192, 193, 66 L.Ed.2d 199 (1980) (per curiam).

■ According to the first part of the test, the government action "must reflect a clearly secular ... purpose." *Committee for Public Educ. & Religious Liberty v. Nyquist,* 413 U.S. 756, 773, 93 S.Ct. 2955, 2965, 37 L.Ed.2d 948 (1973). Although the court may defer to the reason advanced by the government in support of the challenged activity, *Lemon v. Kurtzman,* 403 U.S. 602, 613, 91 S.Ct. 2105, 2111, 29 L.Ed.2d 745 (1971), it may do so only after close scrutinization to insure that there is nothing in the record that would undermine the recited governmental purpose and that the demands of the First Amendment have been complied with. *Id.; McGowan v. Maryland,* 366 U.S. 420, 449, 81 S.Ct. 1101, 1117, 6 L.Ed.2d 393 (1961).

■ Defendants claim that the purpose of the sign was wholly secular, that is, to encourage citizens to divorce themselves from the commercialism that has become associated with the Christmas season. Assuming, without deciding, that such a purpose would pass muster under the Establishment Clause, it cannot be disregarded that, in attempting to achieve this purpose, defendants used a means that clearly refers to the Christian theory of Christmas. In fact, the sign created the obvious impression that defendants either were promoting or approving of the theological origins of Christmas. A government, however, "may not employ religious means to reach a secular goal unless secular means are wholly

unavailing." *School District v. Schempp,* 374 U.S. 203, 294, 83 S.Ct. 1560, 1609, 10 L.Ed.2d 844 (1963) (Brennan, J. concurring); *see, e.g., A.C.L.U. v. Rabun County Chamber of Commerce, Inc.,* 678 F.2d 1379, 1391 (11th Cir.1982); *Hall v. Bradshaw,* 630 F.2d 1018, 1020 (4th Cir.1980), *cert. denied,* 450 U.S. 965, 101 S.Ct. 1480, 67 L.Ed.2d 613 (1981). Nor may it promote or express its approval of any particular form of religious belief. *Larson v. Valente,* 456 U.S. 228, 102 S.Ct. 1673, 72 L.Ed.2d 33 (1982); *Hall v. Bradshaw,* 630 F.2d 1018, 1020 (4th Cir. 1980), *cert. denied,* 450 U.S. 965, 101 S.Ct. 1480, 67 L.Ed.2d 613 (1981). In this case, defendants were not without secular means to attain their purported goal. Nontheological but traditional phrases such as "peace" and "goodwill" also could have been used. The court therefore concludes that defendants' stated reason for erecting the sign on the firehouse cannot validate the obvious conflict with the First Amendment. Since the placement of the sign does not comply with the first prong of the *Lemon* test, *see* p. 1390 *supra,*[2] it therefore violates the Establishment Clause.[3]

## CONCLUSION

For the reasons discussed above, defendants' motion for summary judgment is denied. Summary judgment is granted in plaintiffs' favor, and defendants hereby are permanently enjoined from erecting the sign "Keep Christ in Christmas" on any public building or property in the Village. Plaintiffs are directed to submit an appropriate order on notice within ten (10) days of the entry of this order.

So Ordered.

---

**2.** Defendants argue that the *Lemon* test is inapplicable to this case because the sign is not a religious symbol nor does it have "any rational nexus to religious beliefs." Defendants' Memorandum of Law p. 21. The fallaciousness of this argument, however, is readily apparent because the sign, without question, is inextricably intertwined with the beliefs of certain religious persuasions.

**3.** This holding remains the same regardless of whether or not public funds were used to purchase or erect the sign. *Stone v. Graham,* 449 U.S. 39, 42, 101 S.Ct. 192, 194, 66 L.Ed.2d 199 (1980) (per curiam).